IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNELIESE REDICK | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3 07 - CV1431 - M |
| COLLECTCORP CORPORATION | § | |
| | § | TRIAL BY JURY IS DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. Now comes Anneliese Redick, complaining of CollectCorp Corporation, and for cause of action would show the court as follows:

**I**

**PARTIES**

2. Plaintiff is a resident of Tarrant County, Texas.

3. Defendant Collectcorp Corporation. is a corporation organized under the laws of the state of Delaware, registered to conduct business in Texas, and may be served with process by serving its registered agent for service of process: CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

**II**

**JURISDICTION**

4. Suit is filed pursuant to 15 U.S.C.§1692 et seq, the Fair Debt Collection Practices Act for which jurisdiction is proper in this Court. 15 U.S.C.§1692k(d).

**III**

**VENUE**

5. Venue is appropriate in this Court pursuant to 15 U.S.C.§1692i because Plaintiff resides in the Northern District of Texas and the acts complained of herein took place in the Northern District of Texas. Therefore, venue is proper in the Northern District of Texas.

## IV

## FACTUAL BACKGROUND

6.     Beginning in January, 2007, and continuing to the present, Plaintiff was the recipient, at her home and place of employment, of numerous telephone calls from employee(s) of Defendant, a company in the business of debt collection, regarding a debt which Plaintiff allegedly owed to Bank of America. One or more of Defendant's employees made repeated calls to Plaintiff's place of employment, 2 to 3 times a day at a minimum. Despite many requests by Plaintiff, Defendant refused to stop calling Plaintiff at her place of employment.

7.     Defendant's employees also called numerous other persons at Plaintiff's place of employment, including the CEO of the company, the director of Human Resources, Director of Corporate Payroll, Plaintiff's immediate supervisor. Plaintiff and each of these employees repeatedly requested that Defendant's employees cease calling Plaintiff's place of employment, to no avail.

8.     One or more of Defendant's employees called a neighbor of Plaintiff about the alleged debt.

9.     On April 10, 2007, a representative of Defendant contacted Plaintiff, claiming to be conducting a federal investigation of Plaintiff and threatened to call members of Plaintiff's family if Plaintiff did not contact him. This same representative, "Tabo" called Plaintiff repeatedly and left similar messages.

10.    Plaintiff retained the services of First Stone Credit Counseling to assist her in resolving various financial matters. Plaintiff authorized First Stone Credit Counseling to handle the matter of the Bank of America account. On or about April 26, 2007, First Stone Credit Counseling, acting at the behest of Plaintiff, sent a letter to Defendant, requesting that Defendant cease and desist from any and all communications with Plaintiff or any person other than First Stone Credit Counseling representatives regarding the Bank of America account.

11.    On May 3, 2007, Plaintiff received a phone call from a representative of Defendant at her place of employment. Plaintiff, yet again, requested that calls to her place of employment cease.

12.    On May 4, 2007, other employees at Plaintiff's place of employment received calls from a

representative of Defendant.

13. Monday, May 7, 2007, a representative of Defendant called Plaintiff at work. Plaintiff told him not to call her at work. The representative stated " I hope you go bankrupt" and hung up.

## V

## VIOLATION OF FAIR DEBT COLLECTION ACT

14. Defendant has violated 15 U.S.C.§1692c(a)(3) by continuing to call the Plaintiff at her place of employment after being repeatedly requested not to do so by Plaintiff.

15. Defendant has violated 15 U.S.C. §1692c(b) and 1692e(8) by communicating with third persons, without Plaintiff's permission, about the alleged debt.

16. Defendant has violated 15 U.S.C.§1692c(c) by continuing to communicate with the Plaintiff after being requested to cease and desist all communications.

17. Defendant has violated 15 U.S.C.§1692d by repeatedly making calls during the same day to Defendant's place of employment.

18. Defendant has violated 15 U.S.C.§1692d(5) by repeatedly calling Plaintiff and other employees at her place of employment with the intent to annoy, abuse, or harass each person called.

19. Defendant has violated 15 U.S.C.§1692e by stating that a federal investigation was being conducted in reference to Plaintiff's account.

## VI

20. Defendant's campaign of harassment outlined above was undertaken wilfully with the deliberate intention of inflicting injury upon Plaintiff and with knowledge of the probable results of that campaign. In the alternative, Defendant's campaign of harassment constituted reckless and heedless disregard of Plaintiff's rights, welfare, and personal well being and resulted from the conscious indifference of Defendant to Plaintiff's rights, welfare and safety.

## VII

## UNREASONABLE COLLECTION EFFORTS

21. Defendant's campaign of harassment outlined above constitute unreasonable collection efforts.

22. As a direct result of Defendant's campaign of harassment outlined above, Plaintiff suffered mental anguish and fear that her employment would be adversely affected, and, in fact, her employment was adversely affected. Because of repeated harassing calls made by Defendant, Plaintiff was upset to the degree that she was forced to take days off from work which affected her annual review and cost her a raise and promotion which she otherwise would have obtained.

23. As a direct result of Defendant's wrongful acts referred to above, Plaintiff has also suffered headaches, nervousness, loss of sleep, mental anguish, and humiliation, and will in reasonable probability suffer the same for an extended period of time, all to Plaintiff's damage in an amount within the jurisdictional limits of the court. This action is brought to recover the amount of money that, if paid in cash, would fairly and reasonably compensate Plaintiff for those damages.

24. Defendant's campaign of harassment was undertaken wantonly and maliciously with intent to injure Plaintiff or with reckless disregard of the injurious consequences of Defendant's acts to Plaintiff. Plaintiff is, therefore, entitled to punitive or exemplary damages, including reasonable attorney's fees.

## VIII

## TEXAS DEBT COLLECTION ACT

25. Plaintiff realleges and incorporates paragraphs 1 through 24 above.

26. Pursuant to Tex. Fin.Code §392.404, the Defendant's violations of the Texas Debt Collection Practices Act also constitute a deceptive trade practice, Subchapter E, Chapter 17, Business and Commerce Code ("DTPA"), and is actionable under that chapter.

27. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

28. The foregoing acts and omissions of the Defendant were undertaken wilfully, intentionally,

knowingly, and/or in gross disregard of the rights of the Plaintiff.

29. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity of rights of the Plaintiff.

## IX

Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

30. In violation of Tex.Fin.Code §392.101, the Defendant engaged in debt collection in Texas without first obtaining a surety bond (as required by Tex.Fin.Code §392.101) and filing a copy thereof with the Texas Secretary of State.

31. In violation of Tex. Fin.Code §392.301(a)(8) the Defendant threatened to take (and/or did take) an action prohibited by law.

## X

### ATTORNEY'S FEES

32. By reason of the allegations in this petition, the Texas Debt Collection Act and Fair Debt Collection Act, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

## XI

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have:

1. Judgment against Defendant for a sum within the jurisdictional limits of this court;
2. Civil penalties in the maximum amount allowed by law;
3. Exemplary damages against Defendant in a sum determined by the trier of fact;
4. Prejudgment and postjudgment interest as provided by law;
5. Costs of suit;

6.      Attorney's fees;

7.      Such other and further relief to which Plaintiff may show herself entitled.

>                                       Respectfully submitted,
>
>                                       *Sharon Campbell*
>                                       Sharon K. Campbell
>                                       State Bar # 03717600
>                                       Premier Place, Suite 1040
>                                       5910 N. Central Expressway
>                                       Dallas, Texas 75206
>                                       Telephone: 214/351-3260
>                                       Fax: 214/739-0151
>                                       Sharon@SharonKCampbell.com

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anneliese Redick

## DEFENDANTS
Collectcorp Corporation

RECEIVED AUG 21 2007 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sharon K. Campbell, 5910 N. Central Expressway, Suite 1040, Dallas, TX 75206 / 214/351-3260

Attorneys (If Known)
307-CV1431-M

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Violation of 15 USC §1692, the Fair Debt Collection Practices Act
Brief description of cause: by harassing conduct

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 8-20-07
SIGNATURE OF ATTORNEY OF RECORD: Sharon Campbell

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE